IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00074-MR-WCM

| | |
|---|---|
| IPC THE HOSPITALIST MANAGEMENT COMPANY, LLC, | ) ) ) |
| Plaintiff/Counter Defendant, | ) ) |
| v. | ) ) ) |
| KIMBERLY BERCHEN, | ) ) |
| Defendant/Third Party Plaintiff | ) ) |
| v. | ) ) |
| TEAM HEALTH, LLC d/b/a TEAMHEALTH, | ) ) ) |
| Third Party Defendant | ) ) |

ORDER

This matter is before the Court *sua sponte*.

On March 17, 2021, Plaintiff IPC The Hospitalist Management Company, LLC filed a Notice of Removal asserting that this Court had federal subject matter jurisdiction pursuant to 28 U.S.C. §1331. Doc. 1.

On May 17, 2021, the undersigned conducted an initial pretrial conference with the parties, during which the issue of subject matter jurisdiction was discussed. In that connection, Plaintiff was directed to file a notice regarding the existence of subject matter jurisdiction pursuant to 28 U.S.C. §1331 and/or §1332.

On May 24, 2021, Plaintiff filed a Memorandum Regarding Subject Matter Jurisdiction. Doc. 10. From that filing, it appears that Plaintiff no longer relies on 28 U.S.C. §1331 as a basis for this Court's subject matter jurisdiction and instead contends that subject matter jurisdiction exists pursuant to 28 U.S.C. §1332.

A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed. 1097 (2006); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 671, 129 S.Ct. 1937, 173 L.Ed. 868 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

In order to establish subject matter jurisdiction pursuant to 28 U.S.C. §1332, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. Although Plaintiff's Memorandum addresses the citizenship of the parties, Plaintiff does not provide any information regarding the amount in controversy.

Accordingly, Plaintiff is **DIRECTED** to file, by June 1, 2021, a memorandum, not to exceed three (3) pages in length, describing the basis for its contention that the amount in controversy supports diversity jurisdiction.

Defendant may file, by June 8, 2021, a response, also not to exceed three (3) pages.

It is so ordered.

Signed: May 25, 2021

W. Carleton Metcalf
United States Magistrate Judge